﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190928-33848
DATE: August 31, 2020

ORDER

Service connection for left ear hearing loss disability is granted.

Service connection for tinnitus is granted.

REMANDED

Entitlement to service connection for right ear hearing loss is remanded.

FINDINGS OF FACT

1. The Veteran is currently diagnosed with left ear hearing loss for VA purposes and recurrent tinnitus and was exposed to in-service hazardous noise resulting in acoustic trauma to his ears.

2. Resolving any reasonable doubt in the Veteran’s favor, his currently diagnosed left ear hearing loss had its onset during active military service.

3. Resolving any reasonable doubt in the Veteran’s favor, his currently diagnosed tinnitus had its onset during active military service.

CONCLUSIONS OF LAW

1. The criteria to establish service connection for left ear hearing loss disability have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2019).

2. The criteria to establish service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from November 1962 to November 1964.

The September 2019 rating decision was issued under the new Appeals Modernization Act (AMA) framework, and the Veteran initiated the appeal of that decision to the Board in September 2019 with the filing of a Decision Review Request (VA Form 10182), selecting a hearing with a Veterans Law Judge and the opportunity to submit additional evidence within 90 days after the hearing. In correspondence dated October 2019, the Board acknowledged the appeal and informed the Veteran and his representative that the appeal had been placed on the Board’s hearing docket. Under the AMA, when a claimant seeks appellate review through the Board’s hearing docket, the Board may consider evidence submitted at the time of the rating decision on appeal, additional testimony during a Board hearing, and evidence submitted within 90 days of the hearing. 38 U.S.C. § 7113(a) (2019).

In December 2019, the Veteran testified during a video-conference hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript is of record and has been reviewed.

As the Board herein grants service connection for the left ear hearing loss disability and remands the issue of entitlement to service connection for right ear hearing loss, the initial service connection claim for bilateral hearing loss is necessarily bifurcated into two separate issues as one, but not the other, has been linked to the Veteran’s military service.

Service Connection

Applicable Law and Regulations

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

To establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) a causal connection between the claimed aggravation of a disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

The existence of a current disability is the cornerstone of a claim for VA disability compensation. See Degmetich v. Brown, 104 F. 3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Where a veteran served 90 days or more of active service, and certain chronic diseases, such as sensorineural hearing loss and tinnitus (as organic diseases of the nervous system), become manifest to a degree of 10 percent or more within one year after the date of separation from service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.

Generally, the degree of probative value which may be attributed to a medical opinion of record takes into account such factors as its thoroughness and degree of detail, and whether there was review of the claims file. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000). Also significant is whether the examiner had a sufficiently clear and well-reasoned rationale, as well as a basis in objective supporting clinical data. See Bloom v. West, 12 Vet. App. 185, 187 (1999).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case, the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994).

Analysis - Left Ear Hearing Loss and Tinnitus

The Board addresses the service connection claims for hearing loss and tinnitus together as they stem from the same factual background and are adjudicated under the same legal basis.

The Veteran asserts that his currently diagnosed hearing loss and tinnitus were caused by acoustic trauma in service, including noise from jet engines, rifles, and explosions without having any hearing protection. See, e.g., VA examination report dated July 22, 2019 at pg. 4. Notably, the Veteran asserts that his hearing loss and tinnitus have continued from the time he was in service to the present. See Board hearing transcript dated December 2, 2019 (“Hearing Transcript”) at pgs. 5, 8.

For purposes of applying VA laws, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Additionally, the Board observes that precedential case law provides that the threshold for normal hearing is between 0 and 20 decibels and that higher thresholds show some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

The Board finds that the Veteran is currently diagnosed with bilateral sensorineural hearing loss as defined under 38 C.F.R. § 3.385, and recurrent bilateral tinnitus, as shown by VA examination in July 2019. See VA examination report dated July 22, 2019 at pgs. 2-3, 5.

The service treatment records (STRs) are silent as to hearing loss during service. The STRs show that the Veteran’s hearing was tested in August 1964 as he prepared for separation from service, with left ear auditory thresholds noted as -10 decibels at 500 Hertz; -10 decibels at 1000 Hertz; -10 decibels at 2000 Hertz; 0 decibels at 3000 Hertz; and -10 decibels at 4000 Hertz. Prior to November 1967, audiometric results were reported in standards set forth by the American Standards Association. Since November 1, 1967, those standards have been set by the International Standards Organization-American National Standards Institute (ISO-ANSI). Conversion of the November 1962 induction auditory thresholds to ISO-ANSI indicates left ear hearing loss at 500 and 1000 Hertz; however, conversion of the November 1967 induction auditory thresholds to ISO-ANSI indicates left ear hearing within normal limits. See Hensley, 5 Vet. App. at 157. The November 1962 induction examination is incomplete (measuring auditory ability at only four of five thresholds). Thus, the November 1962 induction examination is not considered an accurate indicator of the Veteran’s in-service hearing acuity, or as an indicator of any permanent shift in pure tone thresholds, given the normal results obtained at separation.

Nevertheless, the Board finds that the Veteran was exposed to high levels of noise in service. During service, the Veteran’s Military Occupational Specialty (MOS) was Electrician. See DD Form 214. Additionally, his service personnel records reflect that he completed training as an Armorer (weapons repair), training to operate trucks up to two and-a-half tons, and he qualified in the use of M-1 and M-14 rifles, earning a Marksman badge for use of the M-14. The Veteran has consistently described in-service exposure to noise from gunfire, jet aircraft, and explosions without having any hearing protection. See, e.g., VA examination report dated July 22, 2019 at pg. 4; Hearing Transcript at pgs. 5, 7, 9. A veteran, as a layperson, may be competent to testify on a variety of matters concerning the nature and cause of disability. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007). Additionally, he is without a doubt competent to report that he was exposed to acoustic trauma during service. See generally Charles v. Principi, 16 Vet. App. 370, 374 (2002). Although VA made contradictory findings regarding the Veteran’s exposure to acoustic trauma during service, first conceding such exposure in the August 2019 rating decision and then repudiating it in the September 2019 rating decision, the Board finds that the Veteran was exposed to hazardous noise during service.

Therefore, the dispositive issue is whether there is a nexus between the current left ear hearing loss and tinnitus and the in-service acoustic trauma.

In June 2018, the Veteran underwent a private audiology examination conducted by a state-licensed audiologist, who recorded left ear puretone thresholds of 55 decibels at 3000 Hertz and 65 decibels at 4000 Hertz. These puretone thresholds demonstrate left ear hearing loss for VA purposes. See 38 C.F.R. § 3.385. Unfortunately, the June 2018 examination is not usable for rating purposes because it does not indicate whether speech discrimination testing results were obtained using the required Maryland CNC Test. 38 C.F.R. §§ 4.85, 4.86. See Private audiology examination conducted by K.C., Aud.D. dated June 11, 2018.

In November 2018, the Veteran was given a VA audiology examination, during which the examiner diagnosed bilateral sensorineural hearing loss and recurrent tinnitus. However, the examiner recorded no audiometric or speech discrimination data, concluding that the test results were invalid, and opined that the Veteran’s hearing loss is not related to service because the induction and separation hearing tests reflect no permanent positive threshold shift in hearing acuity. While the VA examiner recorded the Veteran’s credible statements describing in-service acoustic trauma, and symptoms of hearing loss and tinnitus during service that continue to this day, the opinion completely discounted the same lay evidence. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (finding that examination was inadequate where the examiner did not comment on the appellant’s report of in-service injury and instead relied on the absence of evidence in the service medical records to provide a negative opinion). Additionally, the fact that a clinical diagnosis of hearing loss or tinnitus was not rendered during service is not fatal to the claim and is irrelevant to whether symptoms reported by the Veteran were an early manifestation of the currently diagnosed hearing loss and tinnitus. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Evidence of a current hearing loss disability (i.e., one meeting the requirements of 38 C.F.R. § 3.385) and a medically sound basis for attributing such disability to service may serve as a basis for a grant of service connection for hearing loss. Hensley v. Brown, 5 Vet. App. at 159. The foregoing deficiencies and inconsistencies reflected in the November 2018 VA medical opinion call into question its validity. Therefore, the Board assigns the opinion no probative value.

In July 2019, the Veteran was given a VA audiology examination, during which the examiner diagnosed bilateral sensorineural hearing loss and recurrent tinnitus. Although the examiner recorded no audiometric data, noting that the test results were invalid, notably Maryland CNC speech discrimination scores were obtained reflecting left ear discrimination at 76 percent, which demonstrates hearing loss for VA purposes. 38 C.F.R. § 3.385. Right ear speech discrimination was noted as 94 percent, which is just above the threshold for a VA disabilty for VA purposes. Id. The examiner opined that the Veteran’s hearing loss is not related to service because the induction and separation hearing tests reflect no permanent positive threshold shift in hearing acuity. While the VA examiner recorded the Veteran’s credible statements describing in-service acoustic trauma, and symptoms of hearing loss and tinnitus during service that continue to this day, the July 2019 opinion completely discounted the same lay evidence. See Dalton, supra. Additionally, as discussed above, the fact that a clinical diagnosis of hearing loss or tinnitus was not rendered during service is not fatal to the claim and is irrelevant to whether symptoms reported by the Veteran were an early manifestation of the currently diagnosed hearing loss and tinnitus. See Ledford, supra. Evidence of a current hearing loss disability (i.e., one meeting the requirements of 38 C.F.R. § 3.385) and a medically sound basis for attributing such disability to service may serve as a basis for a grant of service connection for hearing loss. Hensley, supra. The foregoing deficiencies and inconsistencies reflected in the July 2019 VA medical opinion call into question its validity. Therefore, while the examiner did not indicate that the left ear speech discrimination score was invalid, the Board assigns the opinion no probative value.

Nonetheless, the Veteran has indicated that he began experiencing hearing difficulties and cricket-like noises in his ears during service when he was exposed to noise from jet engines, gunfire, and explosions, and he has stated that he was not provided with hearing protection during service. See, e.g., VA examination report dated July 22, 2019 at pg. 4; Hearing Transcript at pgs. 4-5, 7, 9.

The Board finds highly probative the Veteran’s lay statements regarding the onset of hearing difficulties and tinnitus, and his report that hearing loss and tinnitus symptoms continued since service, as they are consistent with the medical evidence. Additionally, the Board has no reason to doubt the credibility of the Veteran’s lay reports in this regard. Notably, no evidence of record establishes that the Veteran’s left ear hearing loss or tinnitus are clearly attributable to post-service occupational and/or recreational activities. See 38 C.F.R. § 3.303(b).

Accordingly, the Board resolves any reasonable doubt in the Veteran’s favor to find that symptoms of left ear sensorineural hearing loss and recurrent tinnitus began in service and have been continuous since service separation so as to meet the criteria for presumptive connection based on “continuous” post-service symptoms. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309.

Because the Board is granting the Veteran’s claims on a presumptive theory of entitlement under 38 C.F.R. § 3.303(b) (continuous post-service symptoms), there is no need to discuss entitlement to service connection on any other basis, as other theories of service connection have been rendered moot, leaving no question of law or fact to decide. See 38 U.S.C. § 7104 (2012).

REASONS FOR REMAND

Although the July 2019 VA examination report reflects a right ear Maryland CNC speech discrimination score of 94 percent, which is insufficient to demonstrate hearing impairment for VA purposes under 38 C.F.R. § 3.385, neither the July 2019 nor the November 2018 VA examiner obtained valid auditory thresholds during their evaluations of the Veteran’s hearing acuity. This contrasts with the June 2018 private examination report reflecting puretone thresholds indicating bilateral hearing impairment for VA purposes. The June 2018 examination does not reflect that the Maryland CNC Test was used to determine speech discrimination, which renders that test result inadequate for VA adjudication purposes. 

Nevertheless, the June 2018 auditory thresholds reflect right ear hearing impairment for VA purposes and have not been shown to be invalid. An adequate etiology opinion is needed. Additionally, the Board has found the November 2018 and July 2019 VA etiology opinions inadequate as discussed above.

Accordingly, remand is warranted to correct these predecisional duty to assist errors, specifically to afford the Veteran a new VA examination and to obtain an opinion regarding the etiology of the Veteran’s right ear hearing loss. See 38 C.F.R. §§ 3.159, 20.802; see also Barr v. Nicholson, 21 Vet. App. 303, 307 (2007) (once VA undertakes the effort to provide an examination or medical opinion when developing a service-connection claim it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided).

The matter is REMANDED for the following action:

1. Implement the Board’s decision herein granting service connection for left ear sensorineural hearing loss disability and tinnitus.

2. Then, schedule the Veteran for a VA audiology examination. Any necessary tests or studies must be conducted, and all clinical findings should be reported in detail. The claims file, and a copy of this Remand, should be made available to the examiner, who will acknowledge receipt and review of these materials.

After a complete review of the claims file, the examiner is asked to respond to the following:

(a) Identify any currently diagnosed right ear hearing loss disability that has been present at any point during the period on appeal, which commenced on August 23, 2018.

(b) If a right ear hearing loss disability is demonstrated, provide an opinion as to whether it at least as likely as not (50 percent or higher probability) had its onset during service or is otherwise etiologically related to service, specifically to include conceded in-service acoustic trauma on the basis of his exposure during service to gunfire, jet engine noise, and explosions, as well as the Veteran’s assertion that he did not use hearing protection devices during service. See VA tinnitus examination report dated July 22, 2019 (see VBMS entry with document type “C&P Exam,” receipt date 07/22/2019, at PDF page 4).

*If the examiner concludes that the Veteran’s right ear hearing loss is likely related to post-service noise exposure, he/she must clearly explain why more weight is assigned to post-service noise exposure than the conceded in-service acoustic trauma.

*In view of multiple prior invalid hearing test results, if subsequent hearing test results are found to be invalid, the examiner shall explain whether there is evidence of noise-induced hearing loss.

*Although the examiner should review the entire claims file, the examiner’s attention is directed to the following document files, which are identified by their VBMS labels and receipt dates in parenthesis:

(i) Veteran’s Military Occupational Specialty (MOS) of Electrician and award of Marksman badge (see VBMS entry with document type “DD 214 Certified Original - Certificate of Release or Discharge from Active Duty,” receipt date 09/04/2018 (Sections 25 and 26 of form));

(ii) Veteran’s military personnel records reflecting training as an Armorer (firearms repair), truck operator, including the 2.5 ton (Deuce and a Half) 6x6 cargo truck, and qualification using the M-1 and M-14 rifles (see VBMS entry with document type “Military Personnel Record,” receipt date 09/04/2018, at PDF pages 22, 40-41 of 61);

(iii) Veteran’s assertions that he was exposed in service to gunfire, jet engine noise, and explosions without the benefit of hearing protection devices during service as reflected in the July 2019 VA Hearing Loss and Tinnitus DBQ (see VBMS entry with document type “C&P Exam,” receipt date 07/22/2019, at PDF page 4);

(iv) Veteran’s assertions that he was not exposed post-service to environments that would have impaired hearing (see VBMS entry with document type “VA 21-4138 Statement in Support of Claim,” receipt date 08/16/2019); and

(v) Veteran’s credible assertions during the December 2019 Board hearing that he was exposed in service to gunfire, jet engine noise, and explosions, and that he has had hearing loss since service (see VBMS entry with document type “Hearing Transcript,” receipt date 07/24/2020, at PDF pages 5, 7, and 9).

The examiner should provide a complete rationale for each opinion.

2. Thereafter, readjudicate the remanded claim.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Brad Farrell, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.